# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **INTERNET SALES SOLUTIONS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **Case No. 06-2036** |
| **DAVE ANDREWS, CORY JOHNSON,** ) | |
| **PATRICK HOLT, and** ) | |
| **MIXITFORME.COM,** ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

In February 2006, Plaintiff Internet Sales Solutions, LLC, filed a Complaint (#1) against Defendants Dave Andrews, Cory Johnson, Patrick Holt, and Mixitforme.com. Federal jurisdiction is allegedly based on diversity pursuant to 28 U.S.C. § 1332. At this point, the complaint does not adequately allege a basis for federal jurisdiction and that issue will be addressed at the Rule 16 hearing.

In March 2006, Defendants filed a Motion To Dismiss Count I of Plaintiff's Complaint and/or Motion for More Definite Statement as to Count I and Count II (#5). After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Count I of Plaintiff's Complaint and/or Motion for More Definite Statement as to Count I and Count II **(#5)** be **DENIED**.

### I. Background

The following background is taken from the complaint. Plaintiff Internet Sales Solutions, LLC, is an Illinois limited liability company. Defendant Mixitforme.com (hereinafter "MIFM") is a Rhode Island corporation in the business of selling electronic goods. At relevant times, Defendant Johnson owned a controlling interest in MIFM, Defendant Andrews was CEO, and Defendant Holt was COO.

In October 2005, Defendant MIFM offered to sell Plaintiff some electronic goods. Plaintiff responded to the offer by ordering goods and transferring the purchase price to Defendant; Defendant subsequently shipped the goods to Plaintiff.  Defendant Johnson directed this transaction and Defendants Andrews and Holt performed the solicitation, sale, and shipment in order to gain Plaintiff's confidence for purposes of future purchases.

On about November 1, 2005, Defendant Johnson directed Defendants Holt and Andrews to misrepresent to Plaintiff that they had 1880 four gigabyte IPOD Nano units for sale for $319,000.  Defendants sent this information to Plaintiff via email.  At the time they sent the information, Defendants knew they did not have the IPOD units and did not intend to obtain them.  Their sole purpose for soliciting Plaintiff regarding the IPOD Nano units was to induce Plaintiff to wire $319,000 to them.

Plaintiff believed Defendants' misrepresentation, ordered the IPOD units, and wire transferred $319,000 to Defendant MIFM's account.  Defendants have not shipped any of the IPOD units.  As a result, Plaintiffs have been damaged.

Plaintiff's complaint alleges fraud (Count I) and breach of contract (Count II).

## II.  Standard

When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claims, and draw all reasonable inferences in the light most favorable to the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the case only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

### III.  Analysis

Defendants argue that the Court should dismiss the fraud claim for failing to plead the necessary elements.  In the alternative, Defendants argue that the Court should order Plaintiff to file a more definite statement regarding the claims in Counts I and II.

### A.  Motion To Dismiss Count I

Defendants first argue that Count I fails to plead the elements of fraud.  In Illinois, the elements of fraud include:  (1) that the defendant made false statements of material fact, (2) knowing that they were false, and (3) intending that the plaintiff would rely on them; (4) that plaintiff did rely, (5) that this reliance was justified; and (6) that plaintiff suffered damage as a result.  *TRW Title Ins. Co. v. Sec. Union Title Ins. Co.*, 153 F.3d 822, 828 (7th Cir. 1998).  Under Federal Rule of Civil Procedure 9(b), a fraud claim must be plead with particularity, that is, the plaintiff must allege the "who, what, when, and where" of the alleged fraud to survive dismissal on a Rule 12(b)(6) motion.  *Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir. 1992).

After reviewing the complaint, the Court disagrees with Defendants.  Although the Court agrees that Paragraphs 9-12 do not allege any misrepresentations, it is clear that Paragraph 13 alleges that Defendants misrepresented that they had 1880 IPOD units for sale.  Regarding Defendants' contention that the complaint fails to allege that Defendants knew this statement was false when they made it, the Court directs Defendants to Paragraph 14, stating that Defendants "intentionally" made the misrepresentation, and to Paragraph 17.  Regarding Defendants' contention that Plaintiff failed to allege that Defendants made the misrepresentation to induce Plaintiff to act, the Court directs Defendants to Paragraphs 15 and 17 of the complaint.  Regarding Defendants' contention that Plaintiff failed to allege that it had a right to rely on the misrepresentation, the Court directs Defendants to Paragraph 12 which alleges that Defendants' actions described in the preceding paragraphs were intended to gain Plaintiff's confidence for purposes of future fraudulent transactions; based on these allegations, the Court finds that Plaintiff has adequately alleged that their reliance was justified.  Regarding Defendants'

contention that Plaintiff failed to allege that it was damaged by its reliance on the misrepresentation, the Court directs Defendants to Paragraphs 16, 18, and 19.

As a result of its review of the complaint, the Court recommends denying the motion to dismiss Count I for failure to state a claim.

### B.  Motion for More Definite Statement as to Counts I and II

Defendants next argue that the Court should order Plaintiff to file a more definite statement as to the allegations in Counts I and II.  For the reasons stated above, the Court concludes that Plaintiff adequately alleged a claim of fraud in Count I.  Defendants provide no discussion regarding the inadequacy of Count II.  The Court has reviewed the complaint and the attached contract and concludes that Plaintiff has adequately alleged a breach of contract claim in Count II.  Accordingly, the Court recommends denying the motion for more definite statement.

### IV.  Summary

For the reasons set forth above, this Court recommends **DENYING** Defendants' Motion To Dismiss Count I of Plaintiff's Complaint and/or Motion for More Definite Statement as to Count I and Count II **(#5)**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 11th day of May, 2006.

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE